UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-00162 |
| MOHAMMAD DOWAN, | § § § | |
| Respondent. | § | |

## TEMPORARY RESTRAINING ORDER

The United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE" or "Petitioner") has filed for an Emergency Court Order to Permit Involuntary Administration of Hydration and Restraints (Doc. 1) and an accompanying Emergency Motion for Order to Permit Involuntary Administration of Hydration (Doc. 2).

Respondent Mohammad Dowan is a citizen of Bangladesh who currently is in removal proceedings. An Immigration Judge denied his request for asylum, and his appeal of that decision remains pending. Since August 2, 2019, Respondent has been on a hunger strike. He has consumed a very small amount of liquid since August 3.

Based on affidavits that ICE submits with its request, the Court finds:

1. The Respondent's hunger strike and limited hydration has adversely affected his health.
2. The Respondent's continuation of his hunger strike and refusal to drink places his life in imminent danger.
3. Without the involuntary administration of hydration, by nasogastric tube and/or intravenous feeding, Respondent faces a high probability of death in the very near future.

ICE bears responsibility for the care and custody of Respondent. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1971). ICE has compelling governmental interests in the preservation of life of individuals in its care and custody, in the prevention of suicide of those individuals, and in the

enforcement of security, order, and discipline in its facilities. Based on the affidavits that ICE submits with its request, the Court finds that Respondent's death not only would thwart ICE's ability to care for an individual in its custody (i.e., the Respondent), but would pose a serious threat to the security and good order of the facility in which ICE currently maintains Respondent.

ICE's compelling interests outweigh any constitutional rights that Respondent may assert in the circumstances of this case. *See, e.g.*, *Washington v. Harper*, 494 U.S. 210, 227 (1990) (holding that "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest"); *Freeman v. Berge*, 441 f.3d 542, 546 (7th Cir. 2006) ("[A]t some point [a prison] may have to force-feed [a] prisoner to prevent him from seriously endangering his health."); *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (rejecting plaintiff's claim that prison regulations that permit medical officers to force-feed an inmate if they determine that his life or permanent health are in danger violate the Constitution).

ICE has established the elements for emergency injunctive relief under Federal Rule of Civil Procedure 65(b) and the requirements for injunctive relief in the Fifth Circuit. *See Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Accordingly, it is:

**ORDERED** that Petitioner's Emergency Motion for Order to Permit Involuntary Administration of Hydration is **GRANTED**;

**ORDERED** that a trained medical professional is authorized to employ the least amount of force necessary to administer hydration to Respondent Mohammad Dowan to the extent necessary to prevent life-threatening consequences to Respondent Mohammad Dowan;

**ORDERED** that competent medical authority may use the least amount of force and restraint mechanisms necessary to restrain Respondent if he resists efforts to administer hydration.

This Temporary Restraining Order expires at 5:00 p.m. on September 5, 2019 p.m. (central standard time).

SIGNED this 23rd day of August, 2019 at 4:45 p.m. (central standard time).

_____
Fernando Rodriguez, Jr.
United States District Judge